# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JOHN LEHMAN              §
                                     §
V.                                §         CASE NO. 4:13-CV-720
                                       §         Judge Mazzant
SELECT PORTFOLIO SERVICING, INC.     §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #29). After considering the motion, the responses, and the relevant pleadings, the Court finds Defendant's motion should be granted.

## BACKGROUND

On or about December 22, 2014, Plaintiff John Lehman ("Plaintiff") entered into a loan agreement concerning the property located at 11 Heritage Woods Place, Allen, Texas 75002 (the "Property") (Dkt. #32, Ex. A). In the Deed of Trust, the "Lender" is identified as WMC Mortgage Corporation ("WMC") or "any holder of the Note who is entitled to receive payments under the Note." *Id.* at 1. WMC was the original lender named on the Note and Deed of Trust; however, the Note was transferred to Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Morgan Stanley ABS Capital I INc., Trust 2005-WMC3, Mortgage Pass-Through Certificates, Series 2005-WMC3 ("Wells Fargo") (Dkt. #29, Ex. A). The Deed of Trust was also assigned to Wells Fargo as Trustee (Dkt. #29, Ex. B).

On or about November 11, 2013, Plaintiff received a letter on Shapiro and Schwartz, LLP letterhead, indicating that the Mortgage Servicer on the Note was Select Portfolio Servicing, Inc. ("SPS") (Dkt. #12, Ex. B at 2). The letter stated that it was a Notice of Acceleration and Posting, and stated that the foreclosure sale was scheduled on December 3, 2013. *Id.* Also, on or about

November 11, 2013, Plaintiff received a letter titled Notice of Trustee's Sale, which also noticed the foreclosure for December 3, 2013. *Id*. at 4.

On February 25, 2014, Plaintiff filed his Third Amended Complaint, asking the Court to enter declaratory judgment regarding whether Defendant SPS had authority under the deed to trust initiate the foreclosure process and foreclose on the Property (Dkt. #12). Plaintiff also requested a declaration from the Court that Plaintiff's loan could not validly encumber Plaintiff's homestead property under the Texas Constitution. *Id*. On August 25, 2014, Defendant filed its motion for summary judgment (Dkt. #29). On September 24, 2014, Plaintiff filed its response to the motion (Dkt. #32). Defendant filed its reply on October 1, 2014 (Dkt. #33).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary

judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Before turning to the merits of the motion for summary judgment, Plaintiff objects to paragraphs 5, 6, 7, and 8 of the "Affidavit of Select Portfolio Servicing, Inc." Plaintiff objects to this affidavit from Mark Syphus ("Syphus") on behalf of SPS, on the basis that he has no personal knowledge for the statements made in the objectionable paragraphs of this affidavit. Plaintiff does not object to Syphus providing the necessary foundation to qualify the records as business records. Plaintiff also argues that the documents themselves are the best evidence of the contents of those documents, and that these paragraphs should be stricken for this additional reason. *See* FED. R. EVID. 1002.

Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, personal knowledge may also

be inferred from the affiant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). A custodian of records is competent to testify from the business records as a corporate representative. *See* Fed. R. Civ. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). Syphus is a Consumer Ombudsman Specialist for SPS, and is authorized to testify regarding the records kept regarding the mortgage loan of Plaintiff (Dkt. #29, Affidavit of Syphus, ¶ 2). In addition, Syphus has personally reviewed the Note and other records, and states "[b]y virtue of my position at SPS and review of the loan file and foreclosure file, I have personal knowledge of the statements made within this affidavit." *Id.* at ¶ 3-4. As a result of his review of the records and his position with SPS, it can reasonably be inferred that Syphus has personal knowledge of the facts applicable to Plaintiff's loan. Plaintiff's objections are overruled.

As to Plaintiff's best evidence objections, the Court agrees that the documents are the best evidence of what is contained therein. However, Syphus' statements in the relevant paragraphs add additional testimony on the documents from Defendant's perspective. Plaintiff's objections are overruled.

In his response, Plaintiff concedes his constitutional claim, and agrees that this claim should be dismissed. On May 16, 2014, the Texas Supreme Court issued its opinion in *Sims v. Carrington Mortgage Services, L.L.C.*, 440 S.W.3d 10 (Tex. 2014), *rehearing denied* Oct. 3, 2014, which the parties agree is dispositive of this issue. In *Sims*, the Texas Supreme Court determined that a restructuring of a loan that "involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a

new extension of credit that must meet the requirements of Section 50." *Id*. at *17. The amounts Plaintiff contends were added to the balance in the modification were amounts already contemplated by the agreement and secured by the Security Instrument – interest due under the note, property taxes, and insurance (*See* Dkt. #32, Ex. A at 4, ¶ 1; 5-6, ¶ 4; 6, ¶ 5). The Court agrees, and finds that this claim is dismissed.

The second issue Plaintiff raises before the Court is "whether, under the deed of trust, the mortgage servicer may invoke the power of sale – i.e., make the decision to refer an account to foreclosure – as well as perform those necessary tasks in connection to any foreclosure sale as outlined in Section 22 of the Deed of Trust, and which have been reserved to the Lender" (Dkt. #32 at 3-4). Plaintiff alleges that under the Deed of Trust, the authority to give notice of intent to accelerate the note, notice of acceleration of the note, or the authority to invoke the power of sale are reserved to the "Lender" as that term is defined by the Deed of Trust. Plaintiff does not dispute that while the original "Lender" was WMC, the Note was transferred to Wells Fargo as Trustee. Plaintiff argues that Wells Fargo was the entity with the authority to perform these acts, not Defendant SPS, the mortgage servicer.

Defendant contends that, in this case, the Noteholder, Wells Fargo, accelerated the note and invoked the power of sale. The Notice of Default sent to Plaintiff by SPS notifies Plaintiff that SPS is acting as the mortgage servicer for "Wells Fargo Bank, N.A., as Trustee" (Dkt. #32, Ex. D). The letter also states that "SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default." *Id*. The letter further states, "If we do not receive the Amount Required to Cure… the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional

action up to and including referral for legal action." *Id.* The Notice of Acceleration and Posting sent on Defendant's behalf identified Wells Fargo as Trustee as the Mortgagee for Plaintiff's loan, and states:

> [T]he Mortgagee **HAS ELECTED TO ACCELERATE THE MATURITY OF THE DEBT** and declares all sums due under the Note immediately due and payable without further demand, and is proceeding to foreclose and see the property under the terms of the Deed of Trust at public auction.

(Dkt. #12, Ex. B at 1) (emphasis in original). The Notice of Trustee's Sale from the Substitute Trustee included in the notice states:

> [D]efault has occurred in the payment of said indebtedness, and the same is now wholly due, and the owner and holder has requested to sell said property to satisfy said indebtedness.

(Dkt. #12, Ex. B at 3).

Plaintiff argues that there is at least a fact issue regarding which entity, Wells Fargo or SPS, invoked the power of sale. Plaintiff contends that these notices were sent by the law firm of Shapiro and Schwartz LLP, which was retained by SPS (Dkt. #32 at 8). Plaintiff argues that the notice states that the law firm was retained to "initial legal proceedings to foreclose property for default in payment of the Note" (Dkt. #29, Ex. E at 1). Plaintiff contends that the notices give all indication that SPS was the entity making all decision in connection with the foreclosure including the decision to begin the process (Dkt. #32 at 8). Plaintiff also argues that the fact that SPS offered to work with Plaintiff to modify the loan or other options to avoid foreclosure clearly indicates that SPS made the decision to initiate and proceed with foreclosure and could make the decision to stop the foreclosure process. Plaintiff also relies on Defendant's answers to interrogatories, which state that "the decision regarding whether to proceed with foreclosure is governed by the loan documents and state and federal statutory guidelines" (Dkt. #32, Ex. B-1 at 11).

The Court disagrees with Plaintiff's assertion that the documents create a fact issue regarding which entity invoked the power. The Notice of Default, Notice of Acceleration and Posting, and the Notice of Trustee's Sale from the Substitute Trustee all clearly indicate that the Mortgagee, Wells Fargo, elected to accelerate the debt and proceed to foreclosure. This language is unambiguous, and the letterhead and additional information contained in these documents do not change this fact. The fact that SPS offered Plaintiff the opportunity to avoid foreclosure through loss mitigation programs also does not change the fact that in the same correspondence Plaintiff was notified that "the Noteholder will accelerate all payments owing…" (Dkt. #29, Ex. D). The Court finds that there is no fact issue as to which entity invoked the power of sale and accelerated the debt in this case, as all correspondence and documentary evidence provided to the Court clearly indicates that Wells Fargo, the undisputed owner of the Note, invoked the power of sale and accelerated the debt.

Plaintiff also argues that SPS did not have authority under the Note to give notice of intent to accelerate the note and notice of acceleration of the Note. On August 31, 2012, Wells Fargo and SPS executed a Limited Power of Attorney that gave SPS, as its mortgage servicer and attorney-in-fact, "full authority and power to execute and deliver on behalf of [Wells Fargo as Trustee] any and all… documents and instruments necessary to conduct any (a) foreclosure…" (Dkt. #29, Ex. C at 1, ¶ 1(ii)). The Limited Power of Attorney further grants SPS the authority to "execute and deliver" any "notice of default, declaration of default, notices of foreclosure…" *Id.* at ¶ 1(v). Defendant contends that the Limited Power of Attorney gives SPS the authorization to send a notice of intent to accelerate the note and notice of acceleration on behalf of Wells Fargo.

Plaintiff argues that the Limited Power of Attorney is a third-party document that cannot alter the terms of the Deed of Trust itself, which Plaintiff asserts reserves to the "Lender" the tasks of sending the notices. Plaintiff contends that the issue is whether a mortgage servicer is authorized under the Deed of Trust to perform these tasks.

The Texas Property Code provides that a mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if:

> (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and
>
> (2) the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>
> > (A) the address of the mortgagee; or
> > (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

TEX. PROP. CODE § 51.0025. All of these requirements are met here. Wells Fargo and SPS entered into a mortgage servicing agreement to service the mortgage, the notices required under Section 51.002(b) disclose that SPS is representing Wells Fargo under a servicing agreement, and provide the address of the mortgagee or the mortgage servicer. In addition, the Limited Power of Attorney authorized SPS to send the notices on Wells Fargo's behalf. Thus, the Court finds that SPS was authorized to give notice of intent to accelerate the Note and notice of acceleration of the Note.

Finally, Plaintiff argues that the Limited Power of Attorney does not delegate the Lender's authority to "refer a property to foreclosure to the mortgage servicer." However, the Deed of Trust does not reserve the power to "refer a property to foreclosure" to the Lender. Thus, there is no requirement that Wells Fargo delegate that authority to SPS given the broad powers granted to the mortgage servicer to "perform other mortgage servicing duties" (Dkt. #32,

Ex. A). Further, as stated above, the mortgage servicer is authorized to administer the foreclosure. TEX. PROP. CODE § 51.0025. It appears that Plaintiff asserts that the term "referral to foreclosure" is a term that is equivalent to invocation of the power of sale. Plaintiff cites 12 C.F.R. § 1024.41(f) for the proposition the term referral to foreclosure is "well understood." However, this provision states that if a complete loss mitigation application is received before the foreclosure referral, which is described as the "pre-foreclosure review process" or "before a servicer has made the first notice or filing required by applicable law." 12 C.F.R. § 1024.41(f). The first notice required by Texas law is the notice of default. TEX. PROP. CODE § 51.002(d). Plaintiff's definition of "referral to foreclosure" means when the notice of default is sent, and Plaintiff argues that this is synonymous with invoking the power of sale. However, the Deed of Trust states that the power of sale cannot be invoked until at least thirty days after the notice of default is served (Dkt. #32, Ex. A at ¶ 22). These terms cannot be synonymous, and Plaintiff argument that the Deed of Trust reserves the power to refer a property to foreclosure to the Lender fails, as the Deed of Trust does not reserve this power and does not require it to be delegated. For these reasons, the Court finds Defendant's motion for summary judgment is granted and Plaintiff's claims for declaratory relief are dismissed.

## CONCLUSION

Based on the foregoing, the Court finds Defendant's Motion for Summary Judgment (Dkt. #29) is hereby **GRANTED**. Plaintiff's claims for declaratory relief are dismissed in their entirety.

**SIGNED this 7th day of January, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE